# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID A. MUHAMMAD, | : | |
| **Plaintiff** | : | |
| | : | No. 1:19-cv-2191 |
| v. | : | |
| | : | (Judge Kane) |
| IMAM HENESH, <u>et</u> <u>al.</u>, | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is <u>pro</u> <u>se</u> Plaintiff Walid A. Muhammad ("Plaintiff")'s amended complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 11.) For the reasons set forth below, the Court will dismiss the amended complaint without further leave to amend and direct the Clerk of Court to close the above-captioned action.

## I. BACKGROUND

On December 23, 2019, Plaintiff, who is presently confined at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983, naming as Defendants Imam Henesh ("Henesh"), Sgt. Weikel ("Weikel"), Sgt. Gibbs ("Gibbs"), and C.O. Wynne ("Wynne"). (Doc. No. 1.) He alleged that from October 26, 2017 through December 12, 2019, Defendants have caused "mental cruelty [and] mental abuse." (<u>Id.</u> at 5.) He maintained that Defendants

> were doing misrepresentations maliciously calculated to harm [his] reputation . . . conspiring threats and demands these evil spirits disfigure to obscure the existence or true state of [his] character as accomplice they were severely unfavorable vehemence condemnation disapproval adverse with violent agitation of [his] mind and feelings "wrong" improper desire to cause pain and suffering vexing grief . . . excessive corrupt practice to defile defecating in [his] throat causing "noisome" critical maltreat disgrace by way of internal inward infest invade infringe vehement force pressure "commotion" . . . vituperate voices . . . malevolent troublesome causing undesirable damage and harm transgression in distress, wrongdoing, alienate, obdurate, aggravate, evil illicit behavior heinous shock "destructive criticism" torment deceit.

(Id.)  Plaintiff argued that he has been "internal[ly] disfigured, impaired and distorted . . . in [his] head[,] face[,] and eyes also throat and torso."  (Id.)  He vaguely stated that he "went to medical and was examin[ed] for treatment [and] received medication for pain."  (Id.)  Plaintiff maintained further that Defendants are "soliciting suicide."  (Id. at 4.)  As relief, Plaintiff requested $800,000.00 in damages "for injuries to eyes, head, face and throat and torso, for damages, severe disfigured, impaired, distorted, internally."  (Id.)  Plaintiff also filed a motion for summary judgment.  (Doc. No. 6.)  In a Memorandum and Order dated January 29, 2020, the Court granted Plaintiff leave to proceed in forma pauperis and dismissed his complaint without prejudice to Plaintiff's right to file an amended complaint regarding his Eighth Amendment claim alleging solicitation of suicide to the extent that he based such a claim on any conduct by Defendants that occurred after July 30, 2019.[1]  (Doc. Nos. 9, 10.)  The Court directed Plaintiff to file an amended complaint within thirty (30) days.  (Doc. No. 10.)

The Court received Plaintiff's amended complaint on February 10, 2020.  (Doc. No. 11.)  Plaintiff has again named Henesh, Weikel, Gibbs, and Wynne as Defendants, and has also included C.O. Crest ("Crest"), C.O. Alexy ("Alexy"), C.O. Randal ("Randal"), C.O. Martin ("Martin"), C.O. White ("White"), and C.O. Hepner ("Hepner") as Defendants.  (Id. at 1.)  Plaintiff maintains that from September 30, 2019, Defendants

> have the tendency . . . to cause misrepresentation maliciously calculated to harm my reputation, defame agitate aggravate torment, disfigure, impair, and distort, conspire my head, face, eyes, throat to defile by defecating in my throat also urinate noisome, they alienate aggro intimidation, [intentional infliction] of emotional distress "soliciting

---

[1] The Court concluded that the doctrine of res judicata, or claim preclusion, applied to bar Plaintiff's claims based on events that occurred from October 28, 2017 through July 30, 2019 because Plaintiff had raised such claims in two (2) prior civil actions.  (Doc. No. 9 at 7-8.)  The Court noted further that Plaintiff failed to provide "any facts regarding what actions he believes the Defendants took that violated his rights," and that any defamation of character claims were barred by the doctrine of sovereign immunity and because such a claim was not cognizable under § 1983.  (Id. at 8.)

2

suicide" tumult lachrymose turbulent adverse instigate me by way of internal psychological force pressure by way inward invade infest infringe inroads . . . .

(Id. at 4.) He asserts that all Defendants "are causing injury and pain and suffering and grief also distress," and that all Defendants "notice what they are doing." (Id. at 5.) Plaintiff alleges that he has "injuries to my head, face, and throat torso as in [intentional infliction] of emotional distress, mental cruelty, mental abuse." (Id.) He states that he "went to medical for my pain and suffering." (Id.) As relief, Plaintiff requests $400,000.00 in damages "for actual internal blemishes to my head, face and throat and torso, and for defecating and urinating in my throat from persecuting wrong disservice damages." (Id.)[2]

## II.  LEGAL STANDARD

### A.  Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . "); see also 42 U.S.C. § 1997e(c)(1) ("The Court shall

---

[2] Since submitting his amended complaint, Plaintiff has submitted several documents to the Court, including a document titled "pre-trial motion" (Doc. No. 12), two documents titled "pre-trial motion: summary judgment" (Doc. Nos. 13, 14), one titled "material facts" (Doc. No. 15), and one titled "discovery" (Doc. No. 16). These documents essentially reiterate the allegations asserted in the amended complaint.

on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. See Mitchell v. Horn, 381 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" ). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can

be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

5

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

### A. Plaintiff's Complaint

As noted supra, the Court granted Plaintiff leave to file an amended complaint "regarding his Eighth Amendment claim alleging solicitation of suicide to the extent that he bases such a claim on any conduct by Defendants that occurred after July 30, 2019." (Doc. No. 10 at 2.)[3] To maintain such a claim, Plaintiff must set forth facts suggesting that: "(1) [he] had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to [his] particular

---

[3] Plaintiff again asserts that Defendants have defamed him and caused harm to his reputation. As the Court has previously informed Plaintiff, Defendants are protected from his defamation claim under the doctrine of sovereign immunity, see 1 Pa. C.S. § 2310; Wicker v. Shannon, No. 3:09-cv-1629, 2010 WL 3812351, at *9 (M.D. Pa. Sept. 21, 2010) (citing 42 Pa. C.S.A. § 8522), and such a claim is not cognizable under § 1983. See Miller v. Trometter, No. 4:11-CV-811, 2012 WL 5933015, at *5 (M.D. Pa. Nov. 27, 2012); see also Paul v. Davis, 424 U.S. 693, 701 (1976).

vulnerability."[4] See Hinton v. Mark, 544 F. App'x 75, 77 (3d Cir. 2013) (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991)).

Once again, Plaintiff's amended complaint is devoid of any allegations suggesting that: (1) he had a particular vulnerability to suicide, (2) Defendants knew of or should have known of that particular vulnerability, and (3) Defendants acted with reckless indifference to Plaintiff's vulnerability. Plaintiff maintains that Defendants "are causing injury and pain and suffering and grief also distress," and that they "notice what they are doing." (Doc. No. 11 at 5.) The amended complaint, as drafted, once again does not permit the Court to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" See Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679). Plaintiff has not provided any facts regarding what actions he believes the Defendants took that violated his Eighth Amendment rights. Thus, the amended complaint, as pled, fails to set forth a plausible Eighth Amendment claim regarding the solicitation of suicide.

### B. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may decline to permit amendment, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[4] While the Colburn court set forth this standard in terms of pretrial detainees, the Third Circuit has noted that the same standard may apply to convicted prisoners. See Hinton, 544 F. App'x at 77 n.3 (citing Wolosyzn v. Cty. of Lawrence, 396 F.3d 314, 319 n.5 (3d Cir. 2005)).

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court concludes that affording Plaintiff a further opportunity to amend would be futile. See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that the futility exception mandates that a complaint, as amended, would fail to state a claim upon which relief can be granted).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint (Doc. No. 11) will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will not be afforded further leave to amend. An appropriate Order follows.